The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUNG MIN KIM, | Case No. C08-1518-JCC |
| Petitioner, | |
| v. | ORDER OF DISMISSAL |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Dkt. No. 1.) Having thoroughly considered the parties' briefing and Magistrate Judge Theiler's Report and Recommendation ("R&R") (Dkt. No. 16), the Court hereby DENIES Petitioner's motion for the reasons explained herein.

Petitioner claims that his attorney's failure at sentencing to argue for a downward departure based on his status as a deportable alien constituted ineffective assistance of counsel in violation of the Sixth Amendment. (Mot. 18–19 (Dkt. No. 1).) The complete facts and procedural history of this case are set forth in the R&R (Dkt. No. 16 at 1–3) and are not repeated here.

ORDER
PAGE - 1

As Magistrate Judge Theiler explains, to receive collateral relief based on a claim of ineffective assistance of counsel, Petitioner must meet both prongs set forth in *Strickland v. Washington*. 466 U.S. 668, 687 (1984). "First, [Petitioner] must show that counsel's performance was deficient . . . . Second, [he] must show that the deficient performance prejudiced the defense." *Id.* Petitioner in this case has failed to meet either prong of the *Strickland* test.

As to the first prong, Petitioner has not shown deficient performance in counsel's failure to argue for a downward departure based on Petitioner's deportable-alien status. "'Judicial scrutiny of counsel's performance must be highly deferential,' and 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009) (*quoting Strickland*, U.S. 668 at 689). Accordingly, counsel is not required to "investigate every conceivable line of mitigating evidence." *Wiggins v. Smith*, 539 U.S. 510, 533 (2003). Counsel's decision at sentencing whether or not to argue for a given downward departure is a strategic decision entitled to deference. *See United States v. Morris*, 2009 WL 792513, at *3 (D. Ariz. Mar. 24, 2009). For this reason, various courts have found that decisions to forego arguing for downward departures based on a defendant's deportable-alien status did not fall below an objective standard of reasonableness. *See, e.g.*, *United States v. Sera*, 267 F.3d 872, 875 (8th Cir. 2001); *Dishmey v. United States*, 929 F. Supp. 551, 554 (D. P.R. 1996) ("[C]ounsel's failure to request a downward departure based on petitioner's status as a deportable alien was not unreasonable."); *United States v. Singh*, 2009 WL 1028179, at *12–13 (D. Ariz. Apr. 16, 2009). This Court agrees that counsel's strategic decision not to emphasize

Petitioner's deportability was not so unreasonable as to constitute a Sixth Amendment violation.

Moreover, as to *Strickland*'s prejudice prong, Petitioner has failed to demonstrate "a reasonable probability that, [had his attorney argued for the downward departure], the result of the proceeding would have been different." 466 U.S. at 694. The Presentence Report identified Petitioner as a deportable alien, so the Court could freely consider the effect that his immigration status would have on his incarceration. *See Ballesteros-Corral v. United States*, 2006 WL 39089, at *2 (D. Ariz. Jan. 5, 2006) ("[T]he Court was well aware at sentencing of Petitioner's status as a deportable alien. Even if Petitioner's attorney had made the argument that the Court should depart downward based on Petitioner's status as a deportable alien, this Court, in its discretion, would not have departed downward."). Because his attorney's argument would not have provided the Court with any new information, Petitioner has failed to demonstrate prejudice.

In his objection to the R&R, Petitioner now claims that his attorney misled him about the possibility of a reduced sentence. (Objection 1 (Dkt. No. 21) ("[Petitioner's counsel] assured [Petitioner] that he would be eligible for 12 months credit towards his sentence, and 6 months early release into a half-way house program . . . .").) Even if this allegation were true, Petitioner still cannot establish prejudice. Petitioner's subjective expectation of the sentence he would receive has no effect on the sentence actually imposed by the Court; instead, the only way the advice of Petitioner's counsel could have affected the outcome is if it convinced Petitioner to reject the plea outright and proceed to trial. Given that Petitioner received a sentence well below the Sentencing Guidelines range (J. 2 (Dkt. No. 172)), it is highly "improbable that [Petitioner] would have chosen to go to trial, or, if convicted, would have

received" a lower sentence than he did. *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir. 1988); *see also Kim v. United States*, 2008 WL 4748165, at *4 (S.D. Cal. Oct. 27, 2008).

Accordingly, the Court adopts the R&R, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1) is DENIED, and this action is DISMISSED with prejudice. The clerk is directed to send a copy of this Order to Petitioner, to counsel for Respondent, and to Magistrate Judge Theiler.

DATED this 18th day of June, 2009.

John C. Coughenour
United States District Judge